IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROL WOODRUFF and DESIREE SAVARESE,<br><br>Plaintiffs,<br><br>v.<br><br>THE JOHN GROUP LLC, JOHN ERIC EAGLIN, and ANTOINETTE EAGLIN,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>1:13-CV-916-CAP<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Carol Woodruff and Desiree Savarese, by and through their undersigned counsel, hereby file this Complaint against Defendants The John Group, LLC ("Defendant John Group"); John Eric Eaglin ("Defendant John Eaglin"); and Antoinette Eaglin.

## INTRODUCTION

1. Pursuant to the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201 *et seq.* and Georgia state law, Plaintiffs bring this action (1) to recover unpaid overtime wages from all Defendants; (2) to recover unpaid

1

minimum wages from all defendants; (3) to recover payments contractually owed to Plaintiffs by Defendant John Group; (4) to recover the reasonable value of services they rendered to Defendant John Group; (5) to recover damages arising from Defendant John Group's actions in defrauding Plaintiffs; (6) to recover damages resulting from Defendant John Group's willful filing of fraudulent information returns with respect to payments never made to Plaintiffs; (7) to recover attorney's fees and costs; and (8) to recover punitive damages.

## JURISDICTION AND VENUE

2. Jurisdiction of the Court is conferred pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4). Plaintiffs also invoke the Court's supplemental jurisdiction over their state law claims, which arise out of the same nucleus of operative facts as their federal civil rights claims.

3. Venue is proper pursuant to 28 U.S.C § 1391(b) and Local Rule 3.1(B)(3) in the Atlanta Division of the Northern District of Georgia because (1) a substantial part of the events and omissions giving rise to the claim occurred within this District and Division and (2) Defendants reside and transact business in this District and Division.

4. Plaintiffs are former, nonexempt "employees" of Defendants under the FLSA and pursuant to 42 U.S.C. § 2000e(f).

5.     Defendant John Group qualifies as an "employer" within the meaning of 29 U.S.C. § 203(d).

6.     Defendant John Eaglin qualifies as an "employer" within the meaning of 29 U.S.C. § 203(d).

7.     Defendants employed Plaintiffs, who handled and otherwise worked on goods and/or materials that had been moved in or produced for interstate commerce.

8.     At all times relevant, Defendant John Group has had an annual gross volume of sales made, or business done, in excess of $500,000.00 per annum.

## **PARTIES**

9.     Ms. Woodruff is a citizen of Georgia who resides in Atlanta, Georgia.

10.    Ms. Savarese is a citizen of Georgia who resides in Suwanee, Georgia.

11.    Defendant John Group is a Georgia limited liability corporation with its principal office address located 1170 Peachtree Street, Suite 1200 / Atlanta, Georgia 30309, as listed with the Georgia Secretary of State.

12.    On information and belief, Defendant John Eaglin, is Chief Executive Officer of Defendant John Group.

13. Defendant John Group may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Defendant John Eaglin.

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIM THAT DEFENDANT JOHN EAGLIN IS AN EMPLOYER UNDER THE FLSA**

14. At all times relevant, Defendant John Eaglin qualified as an "employer" under 29 U.S.C. § 203(d).

15. On information and belief, Defendant John Eaglin held, and continues to hold, a significant ownership interest in Defendant John Group, which has been, and continues to be, engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

16. Defendant John Eaglin acted directly and indirectly in the interest of Defendant John Group in relation to Plaintiffs.

17. At all times relevant, Defendant John Eaglin exercised day-to-day control over the affairs of Defendant John Group.

18. Defendant John Eaglin approved promotions and raises for employees of Defendant John Group.

19. Defendant John Eaglin had, and continues to have, authority to hire and terminate employees of Defendant John Group.

20. At all times relevant, Defendant John Eaglin was one of Plaintiffs' direct supervisors.

21. Defendant John Eaglin directly and indirectly controlled, determined, and directed the day-to-day operations of Defendant John Group.

22. Throughout Plaintiffs' employment, Defendant John Eaglin assigned them work tasks.

23. Defendant John Eaglin played a substantial role in determining Plaintiffs' work schedules.

24. Defendant John Eaglin had the power to make binding policy decisions for Defendant John Group.

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIM THAT DEFENDANT ANTOINETTE EAGLIN IS AN EMPLOYER UNDER THE FLSA**

25. At all times relevant, Defendant Antoinette Eaglin qualified as an "employer" under 29 U.S.C. § 203(d).

26. On information and belief, Defendant Antoinette Eaglin held, and continues to hold, a significant ownership interest in Defendant John Group, which has been, and continues to be, engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

27. On information and belief, Defendant Antoinette Eaglin is Vice President and Chief Operating Officer of Defendant John Group.

28. Defendant Antoinette Eaglin acted directly and indirectly in the interest of Defendant John Group in relation to Plaintiffs.

29. Defendant Antoinette Eaglin directly and indirectly controlled, determined, and directed the day-to-day operations of Defendant John Group.

30. Defendant Antoinette Eaglin had the power to make binding policy decisions for Defendant John Group.

## GENERAL FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIMS

31. Plaintiff Woodruff worked for Defendants for the period starting on December 7, 2011, and ending on October 23, 2012.

32. Defendant John Group offered to pay Plaintiff Woodruff an annual salary of approximately $80,000.00 per year.

33. However, Defendants never intended to pay Plaintiff Woodruff on a salary basis.

34. For example, the checks that Defendant John Group issued to Plaintiff Woodruff sometimes "bounced" when she attempted to deposit them in her bank account.

35. By way of further example, Defendants did not pay any compensation to Plaintiff Woodruff for the work she performed in August, September, and October of 2012.

36. In various workweeks, Plaintiff Woodruff worked more than 40 hours per week.

37. Plaintiff Savarese worked for Defendants for the period starting on February 1, 2012, and ending on October 25, 2012.

38. Defendant John Group offered to pay Plaintiff Savarese an annual salary of approximately $65,000.00 per year.

39. However, Defendants never intended to pay Plaintiff Savarese on a salary basis.

40. For example, one check that Defendant John Group issued to Plaintiff Savarese "bounced" when she attempted to deposit it in her bank account.

41. By way of further example, Defendants did not pay any compensation to Plaintiff Savarese for the work she performed in August, September, and October of 2012.

42. In various workweeks, Plaintiff Savarese worked more than 40 hours per week.

## COUNT I

## FAILURE TO PAY OVERTIME

## AGAINST ALL DEFENDANTS

43. In various workweeks, Plaintiffs worked in excess of forty (40) hours per week for Defendants.

44. Defendants at no time whatsoever paid Plaintiffs overtime wages or compensation.

45. Defendants failed to maintain accurate records of Plaintiffs' time.

46. Defendants' failure to maintain accurate records of Plaintiffs' time is an independent violation of the FLSA.

47. Defendants' violations of the FLSA's overtime provision, 29 U.S.C. § 207(a), were willful because Defendants: (1) failed to maintain accurate time records for Plaintiffs; (2) failed to pay any compensation to Plaintiffs during certain pay periods; (3) failed to pay Plaintiffs any overtime wages; and (4) misclassified Plaintiffs as "exempt" from the FLSA's overtime provision.

48. Pursuant to 29 U.S.C. §§ 216(b) and 255(a), Defendants are jointly and severally liable to Plaintiffs for three years of unpaid overtime wages, an equal amount as liquidated damages, and reasonable attorneys' fees.

49. Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to the FLSA.

## COUNT II

## FAILURE TO PAY THE MINIMUM WAGE

## AGAINST ALL DEFENDANTS

50. Plaintiffs both performed work for Defendants in pay periods for which they received no compensation at all.

51. In various pay periods, Defendants failed to pay Plaintiffs more than $7.25 per hour.

52. Defendants' violations of the FLSA's minimum wage provision, 29 U.S.C. § 206, were willful because Defendants: (1) failed to maintain accurate time records for Plaintiffs; (2) failed to pay any compensation to Plaintiffs during certain pay periods; and (3) failed to pay Plaintiffs the minimum wage.

53. Pursuant to 29 U.S.C. §§ 216(b) and 255(a), Defendants are jointly and severally liable to Plaintiffs for three years of unpaid minimum wages, an equal amount as liquidated damages, and reasonable attorneys' fees.

54. Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to the FLSA.

## COUNT III

## BREACH OF CONTRACT

## AGAINST DEFENDANT JOHN GROUP

55. Defendant John Group entered into contractual relationships with Plaintiffs when it hired them to perform work in exchange for agreed-upon compensation.

56. Defendant John Group's failure to pay Plaintiffs their agreed-upon compensation was a breach of their contracts.

57. Defendant John Group is liable to Plaintiffs for their unpaid compensation, as well as other damages resulting from Defendant John Group's breach of its contracts with Plaintiffs.

## COUNT IV

## UNJUST ENRICHMENT / QUANTUM MERUIT

## AGAINST DEFENDANT JOHN GROUP

58. Upon various occasions, Plaintiffs performed work for Defendant John Group but received no compensation for this work.

59. On these occasions, Plaintiffs rendered a service to Defendant John Group, which Defendant John Group accepted and valued.

60. Defendant John Group was legally obligated to pay Plaintiffs for their uncompensated work and is liable to Plaintiff for unpaid compensation, interest, and attorney's fees.

## COUNT V

## FRAUD

## AGAINST DEFENDANT JOHN GROUP

61. In December of 2011, Defendant John Eaglin offered Plaintiff Woodruff a position at Defendant John Group.

62. Defendant John Eaglin's offer of employment to Plaintiff Woodruff included an offer to pay Ms. Woodruff a salary of $80,000.00 per year.

63. On information and belief, Defendant John Group did not intend to pay Ms. Woodruff in the manner promised.

64. When Ms. Woodruff accepted employment at Defendant John Group, she relied upon Defendant John Group's false representation that it would compensate her in the manner described in its offer.

65. Ms. Woodruff suffered damages as a result of her reliance on Defendant John Group's false representation.

66. Ms. Woodruff's damages include, but are not limited to: performing extensive work for no compensation at all, lost employment opportunities, and mental distress.

67. In January of 2012, Defendant John Eaglin offered Plaintiff Savarese a position at Defendant John Group.

68. Defendant John Eaglin's offer of employment to Plaintiff Savarese included an offer to pay Ms. Savarese a salary of $65,000.00 per year.

69. On information and belief, Defendant John Group did not intend to pay Ms. Savarese in the manner promised.

70. When Ms. Savarese accepted employment at Defendant John Group, she relied upon Defendant John Group's false representation that it would compensate her in the manner described in its offer.

71. Ms. Savarese suffered damages as a result of her reliance on Defendant John Group's false representation.

72. Ms. Savarese's damages include, but are not limited to: performing extensive work for no compensation at all, lost employment opportunities, and mental distress.

## COUNT VI

## FRAUDULENT FILING OF INFORMATION RETURNS

## AGAINST DEFENDANT JOHN GROUP

73. In March of 2013, Defendant John Group issued Internal Revenue Service ("IRS") Form W2 documents to Plaintiffs.

74. The Form W2 document issued to Plaintiff Woodruff included an incorrect and wholly false figure in the box 1, which is titled "[w]ages, tips, other compensation."

75. Specifically, the Form W2 issued to Plaintiff Woodruff included wages that Defendant John Group did not pay to Plaintiff Woodruff in August, September, and October of 2012.

76. The Form W2 document issued to Plaintiff Savarese included an incorrect and wholly false figure in the box 1, which is titled "[w]ages, tips, other compensation."

77. Specifically, the Form W2 issued to Plaintiff Savarese included wages that Defendant John Group did not pay to Plaintiff Savarese in August, September, and October of 2012.

78. On information and belief, Defendant John Group willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiffs.

79. On information and belief, Defendant John Group's filing was fraudulent because Defendant John Group had knowledge that the wages it reported for Plaintiffs were incorrect and included amounts never paid to Plaintiffs.

80. Defendant John Group also knew that it was reporting incorrect wages to Plaintiffs because Defendant John Group's former employees have notified its owners and/or officers, including Defendant John Eaglin, that the figures reported on its W2 Forms are incorrect.

81. Pursuant to 26 U.S.C. § 7434(b) Defendant John Group is liable to Plaintiff Woodruff for an amount equal to the greater of $5,000 or the sum of (1) her actual damages, (2) the costs of this action, and (3) her attorney's fees.

82. Pursuant to 26 U.S.C. § 7434(b) Defendant John Group is liable to Plaintiff Savarese for an amount equal to the greater of $5,000 or the sum of (1) her actual damages, (2) the costs of this action, and (3) her attorney's fees.

## COUNT VII

## STATE LAW ATTORNEY'S FEES

## AGAINST DEFENDANT JOHN GROUP

83. Plaintiffs are also entitled to attorney's fees under Georgia law on the ground "[D]efendant has acted in bad faith . . . [and] has caused the [P]laintiff[s] unnecessary trouble and expense . . . ." O.C.G.A. § 13-6-11.

84. Defendant John Group acted in bad faith by defrauding Plaintiffs.

85. Defendant John Group acted in bad faith by breaching its promise to pay Plaintiffs in accordance with its binding agreements.

86. Plaintiffs are entitled to recover attorney's fees from Defendant John Group.

## COUNT VIII

## PUNITIVE DAMAGES

## AGAINST DEFENDANT JOHN GROUP

87. Defendant John Group's actions—including, but not limited to: (1) defrauding Plaintiffs, (2) failing to pay Plaintiffs the minimum wage, and (3) breaching Plaintiffs' employment contracts—constituted "willful misconduct" showing "wantonness, oppression, or that entire want of care which . . . raise[s] the

presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b).

88.  As a result of Defendant John Group's conduct, Plaintiffs are entitled to punitive damages "not as compensation . . . but solely to punish, penalize, or deter . . . [D]efendant" from committing similar acts in the future. § 51-12-5.1(c).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray that:

a. As to Counts I and II, the Court enter judgment in favor of Plaintiffs against all Defendants;

b. As to Counts III – VII, the Court enter judgment in favor of Plaintiffs against Defendant John Group;

c. As to Count I, the Court award Plaintiffs their unpaid time and one-half time overtime wages for each hour worked above forty (40) per week;

d. As to Count II, the Court award Plaintiffs their unpaid minimum wages;

e. As to Counts I and II, the Court issue an order holding Defendants jointly and severally liable to Plaintiffs;

f. As to Counts I and II, the Court award Plaintiffs liquidated damages in an amount equal to the amount of their unpaid overtime and minimum wages, as required by the FLSA;

g. As to Counts I and II, the Court award Plaintiffs their reasonable attorney's fees and costs, as provided by the FLSA;

h. As to Count III, the Court award Plaintiffs all unpaid compensation;

i. As to Count IV, the Court award Plaintiffs the reasonable value of the services they rendered to Defendant John Group;

j. As to Count V, the Court award Plaintiffs compensatory and other damages, in an amount to be determined at trial;

k. As to Count VI, the Court enter a finding of the correct amounts which should have been reported on the W2 Forms issued to Plaintiffs by Defendant John Group, as required by 26 U.S.C.A. § 7434(e);

l. As to Count VII, the Court award Plaintiff Woodruff an amount equal to the greater of $5,000 or the sum of (1) her actual damages, (2) the costs of this action, and (3) her attorney's fees.

m. As to Count VII, the Court award Plaintiff Savarese an amount equal to the greater of $5,000 or the sum of (1) her actual damages, (2) the costs of this action, and (3) her attorney's fees.

n. As to Count VII, the Court award Plaintiffs their attorney's fees and costs;

o. As to Count VIII, the Court award Plaintiffs punitive damages;

p. the Court determine all triable issues at trial; and

q. the Court award all other relief as the Court deems just and proper, including any and all equitable relief.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial on all issues triable by a jury.

**RESPECTFULLY SUBMITTED**:   March 21, 2013

| | |
|---|---|
| **MAYS & KERR LLC** | /s/ Jeff Kerr |
| 229 Peachtree Street NW | Jeff Kerr |
| International Tower \| Suite 980 | Ga. Bar No. 634260 |
| Atlanta, GA 30303 | jeff@maysandkerr.com |
| Telephone:  (404) 410-7998 | |
| Facsimile:   (877) 813-1845 | |

Counsel for Plaintiffs

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel hereby certifies that this Complaint and Demand for Jury Trial has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

DATED: March 21, 2013

| | |
|---|---|
| **MAYS & KERR LLC** | /s/ Jeff Kerr |
| 229 Peachtree Street NW | Jeff Kerr |
| International Tower \| Suite 980 | Ga. Bar No. 634260 |
| Atlanta, GA 30303 | jeff@maysandkerr.com |
| Telephone:  (404) 410-7998 | |
| Facsimile:  (877) 813-1845 | |

Counsel for Plaintiffs